HEINZ PLASTIC MOLD COMPANY, Heinz Lueders and Ruth Lueders, Plaintiffs-Appellants,

**v.**

CONTINENTAL TOOL CORPORATION, Andre Netz, and A. & W. Mold Corporation, Defendants-Respondents.

Court of Appeals

*No. 82–1210. Submitted on briefs May 18, 1983.—*
*Decided June 7, 1983.*
(Also reported in 337 N.W.2d 189.)

For the plaintiffs-appellants the cause was submitted on the briefs of *Laurence J. Schroepfer* and *Brazeau, Potter, Wefel & Nettesheim* of Wisconsin Rapids, and *Robert Handelsman* and *Emil Shafran* and *Robbins, Coe, Rubinstein & Shafran, Ltd.* of Chicago, IL.

For the defendants-respondents the cause was submitted on the brief of *Charles A. Pollex* and *Hollman & Pollex* of Friendship, and *Paul W. Grauer* and *Paul W. Grauer & Associates* of Schaumburg, IL.

Before Gartzke, P.J., Dykman, J. and W.L. Jackman, Reserve Judge.

W.L. JACKMAN, Reserve Judge. Plaintiffs Heinz Plastic Mold Co. and Heinz and Ruth Lueders appeal from

an order dismissing their amended complaint against Continental Tool, Andre Netz and A. & W. Mold Corp. The issues are whether the claims asserted in the Wisconsin action are barred because they were compulsory counterclaims in a federal court action which has proceeded to judgment and whether the claims are otherwise barred by res judicata and collateral estoppel. Because the claims asserted in the Wisconsin action were not compulsory counterclaims in the federal action and are not barred by res judicata and collateral estoppel, we reverse.

Plaintiffs commenced this action February 7, 1979 in Adams County, Wisconsin. The amended complaint asserted eight separate claims for relief. Defendants moved to dismiss on grounds that the Wisconsin claims were barred because they were compulsory counterclaims under Fed. R. Civ. P. 13(a) in an action brought by Netz in federal district court in Illinois which had been dismissed on the merits pursuant to a stipulation. The motion to dismiss also asserted that, notwithstanding Fed. R. Civ. P. 13(a), the Wisconsin action was barred by res judicata and collateral estoppel, and that the amended complaint failed to state a claim for which relief could be granted as against A. & W. Mold. The trial court concluded that the plaintiffs' demands were compulsory counterclaims barred by the dismissal order in the federal district court action and that the claims were barred on the basis of res judicata and collateral estoppel. The court therefore dismissed the claims. Plaintiffs appealed.

The motion to dismiss is treated as one for summary judgment and disposed of as provided in sec. 802.08, Stats., because the motion asserts defenses under sec. 802.06(2)(f) and (h) and matters outside the pleadings were presented to and not excluded by the trial court in

considering the motion. Sec. 802.06(2).[1] When reviewing the trial court's decision to grant summary judgment, we apply the same analysis as the trial court. *Board of Regents v. Mussallem,* 94 Wis. 2d 657, 674, 289 N.W.2d 801, 809 (1980). In ruling on a motion for summary judgment, a court examines the pleadings to determine whether a claim has been stated and whether a material factual issue is presented. If a claim is stated and a factual issue exists, the court examines the moving party's proof to determine whether a prima facie case for summary judgment is stated. To make a prima facie case for summary judgment, a moving defendant must show a defense which defeats the plaintiff's claims. *Grams v. Boss,* 97 Wis. 2d 332, 338, 294 N.W.2d 473, 476–77 (1980).

Plaintiffs do not contest the dismissal of the amended complaint as to Netz, or dismissal of all but the first, second, fourth and fifth claims in the complaint. We examine the remaining claims under the summary judgment methodology outlined in *Grams, supra.*

The amended complaint asserts that in 1978 Heinz Lueders, Heinz Plastic and Netz entered a business venture which organized Continental Tool. Heinz Lueders advanced $9,500 as a capital contribution and Netz contributed $500. August 15, 1978 Continental began to manufacture plastic injection molds. In late 1978 or early 1979 the business relationship was severed when Netz abandoned his involvement in Continental. At the

---

[1] Section 802.06(2), Stats., provides in relevant part:

If on a motion asserting the defense described in f) to dismiss for failure of the pleading to state a claim upon which relief can be granted, or on a motion asserting the defenses described in h) [res judicata] or i) [statute of limitations], matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in s. 802.08 . . . .

same time, Netz and others began a new corporation, A. & W. Mold. A. & W. Mold began business on the same site and with the same equipment Continental Tool had used.

We summarize the first, second, fourth and fifth claims against Continental Tool and A. & W. Mold as follows: The first claim is by Heinz Plastic against Continental Tool for breach of an agreement by which Continental leased certain machinery and equipment from Heinz Plastic. The second claim is by Heinz Plastic against Continental for damage to the leased machinery and equipment. The fourth claim is by Heinz Lueders against Continental for breach of an agreement by which Continental agreed to pay Heinz Lueders $300 per week for consulting services. The fifth claim is by Heinz Lueders against A. & W. for Netz's breaches of his fiduciary duties to Continental and Heinz Lueders, by diverting confidential information, business opportunities and customers from Continental to A. & W.

Federal R. Civ. P. 13(a), provides in relevant part that:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Defendants contend that the four remaining claims in the Wisconsin action were compulsory counterclaims in the federal action under Fed. R. Civ. P. 13(a) and that all compulsory counterclaims in an action which has proceeded to judgment are barred by the judgment. We reach the latter issue only if the Wisconsin claims were compulsory counterclaims in the federal action.

1. *Claims Against Continental Tool*

Applying the *Grams* analysis to the three claims asserted against Continental (first, second and fourth claims), it is undisputed that each asserts a claim for which relief can be granted. We next examine whether defendants state a prima facie case for summary judgment, that is, whether they have asserted defenses to the claims. The defense asserted is that the claims are barred because they were compulsory counterclaims in the Illinois federal court action.

The named plaintiffs in the Wisconsin action are Heinz and Ruth Lueders, husband and wife, and Heinz Plastic Mold. The named defendants are Andre Netz, Continental Tool and A. & W. Mold. According to the amended complaint, Netz is an officer of both Continental Tool and A. & W. Mold. Netz was the named plaintiff in the federal court action and defendants were Heinz Lueders and Heinz Plastic. Heinz Lueders, Heinz Plastic and Continental Tool were "counter-plaintiffs" in the federal court action, naming Netz as the "counter-defendant." A. & W. Mold was not named as a party in the federal court action.

Federal R. Civ. P. 13(a) requires a party to state as a counterclaim any claim the party has against "any opposing party," if it arises out of the same transaction or occurrence. Plaintiffs do not dispute that the claims asserted in the Wisconsin action arise out of the same transaction or occurrence that is the subject matter of the federal court action. However, they assert that Continental Tool and A. & W. were not "opposing parties" in the federal court action.

The plaintiffs in the Wisconsin action, Heinz Plastic on the first and second claims, and Heinz Lueders on the fourth claim were co-counter-plaintiffs with Continental Tool in the federal court action. The claims asserted in the Wisconsin action could therefore have been asserted

in the federal court action as cross-claims against a co-party under Fed. R. Civ. P. 13(g).

Cross-claims against a co-party under Fed. R. Civ. P. 13(g), however, are permissive and not mandatory. *Hall v. General Motors Corp.*, 647 F.2d 175, 184 (D.C. Cir. 1980) ; *Augustin v. Mughal*, 521 F.2d 1215, 1216 (8th Cir. 1975). The claims asserted against Continental in the Wisconsin action were not compulsory in the federal action. The doctrine of res judicata does not preclude a party from bringing a separate action in federal court on a claim which could have been asserted as a cross-claim in a previous action. *Hall*, 647 F.2d at 184.

Because the applicable federal rule governing the claims of Heinz Lueders and Heinz Plastic against Continental was Fed. R. Civ. P. 13(g), which permits but does not compel cross-claims against a co-party, the trial court erred in concluding that the first, second and fourth claims were compulsory counterclaims in the federal court action and in dismissing the claims on that basis.

2. *Claim Against A. & W.*

The fifth claim is by Heinz Lueders against A. & W. for damages resulting from Netz's breach of his fiduciary duty to Continental. The complaint states a claim for which relief can be granted against A. & W. because a corporation is liable for the torts of its agents committed within the scope of their employment. *Candee v. Egan*, 84 Wis. 2d 348, 368–69, 267 N.W.2d 890, 900 (1978).

Because A. & W. was not a party to the federal court action, plaintiffs assert A. & W. was not an "opposing party" under Fed. R. Civ. P. 13(a). Defendants contend that A. & W. was an indispensable party in the federal court action and consequently plaintiffs were required to assert their claims against A. & W. as counterclaims in that action.

We need not decide whether persons who were indispensable parties under Fed. R. Civ. P. 19 but who were not parties to the action, are opposing parties under Fed. R. Civ. P. 13(a) against whom compulsory counterclaims must be asserted. A joint tortfeasor is not an indispensable party under Rule 19. *Herpich v. Wallace,* 430 F.2d 792, 817 (5th Cir. 1970).

Because A. & W. was not an opposing party under Fed. R. Civ. P. 13(a), the claim asserted by Heinz Lueders against A. & W. in the Wisconsin action was not a compulsory counterclaim in the Illinois action and the trial court erred in dismissing the fifth claim on that basis.[2]

3. *Res Judicata And Collateral Estoppel Generally*

The trial court also granted defendants' motion to dismiss on the grounds that, notwithstanding the effect of Fed. R. Civ. P. 13(a), plaintiffs' claims were barred by res judicata and collateral estoppel. Because we should affirm a decision of the trial court if correct on any ground, *State v. Alles,* 106 Wis. 2d 368, 391, 316 N.W.2d 378, 388 (1982), we examine these issues, although they are not argued on appeal.

The doctrines of res judicata and collateral estoppel bear on different aspects of a suit:

Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.

---

[2] Because we conclude that the claims asserted on this appeal were not compulsory counterclaims in the federal court action, we do not decide whether compulsory counterclaims not asserted in a federal court action which has proceeded to judgment are barred in Wisconsin.

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979).

In order for the first action to bar the current action under Wisconsin law of res judicata, there must be an identity of parties and an identity of claims in the two cases. *Barbian v. Lindner Bros. Trucking Co., Inc.*, 106 Wis. 2d 291, 296, 316 N.W.2d 371, 374 (1982). The same is true of collateral estoppel. *See Gies v. Nissen Corp.*, 57 Wis. 2d 371, 378–79, 204 N.W.2d 519, 523 (1973) (prior judgment not conclusive unless issue was actually litigated in the prior action). Because it is undisputed that the first, second, fourth and fifth claims were not asserted in the Illinois action, the claims are not barred by res judicata or collateral estoppel.

We conclude that the trial court erred in determining that the claims not conceded as to Continental and A. & W. Mold were barred. Defendants failed to present a prima facie case for summary judgment. Accordingly, the court's order must be reversed insofar as it dismisses the first, second, fourth and fifth claims.

*By the Court.*—Order reversed insofar as it dismisses the first, second, fourth and fifth claims, otherwise affirmed.