Jeffrey A. SWART, Plaintiff-Appellant,†

v.

RURAL MUTUAL INSURANCE COMPANY, Defendant-Respondent,

Robert W. SWART and Betty Swart, Defendants.

Court of Appeals

No. 83–223. Submitted on briefs December 12, 1983.— Decided January 26, 1984.
(Also reported in 344 N.W.2d 719.)

---

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *George S. Curry* and *Kopp, McKichan, Geyer, McKichan, Curry & Geyer,* of Platteville.

For the defendant-respondent the cause was submitted on the briefs of *Robert G. Wixson* and *Winner, McCallum, Hendee & Wixson,* of Madison.

Before Gartzke, P.J., Dykman, J. and Gordon Myse, Reserve Judge.

DYKMAN, J.   Appellant Jeffrey Swart appeals from a summary judgment dismissing his complaint.  The issue

is whether appellant was a "dependent relative" of his parents when he was injured, thereby precluding coverage under their farm liability insurance policy. We affirm the judgment.

Appellant graduated from high school in the spring of 1979. That summer, he lived with his parents and worked twenty to twenty-five hours per week at a restaurant, earning approximately $900. He also worked on his parents' farm forty to forty-five hours each month and was paid $3.00 per hour. He became 18 on August 13. On September 25, he started a full-time job at Advanced Transformer Company, receiving $3.43 per hour. On September 28 appellant was helping his father fix a silo unloader when he was injured.

Appellant sued his parents and their liability insurer, Rural Mutual Insurance Company, claiming negligence. Rural Mutual moved for summary judgment, alleging that because the policy did not cover bodily injury to "persons insured" under the policy, appellant could not recover. The trial court granted the motion.

The policy provides in part:

*This company agrees under this form:*

I. *Coverage and Exclusions*

*Coverage L—Personal Liability (Public and Employer's):* To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages (but excluding any punitive or exemplary damages) because of bodily injury or property to which this insurance applies, caused by an occurrence . . . .

*Exclusions.* This coverage does not apply:

. . . .
(f) to bodily injury to any Insured under parts (a), (b) and (d) of "Persons Insured"; . . . .

. . . .
V. *Persons Insured.* Each of the following is an Insured under this form to the extent set forth below:
(a) the Named Insured;

(b) if residents of the Named Insured's household, his spouse, the dependent relatives of either, and any other person under the age of 18 in the care of any Insured;
. . . .

The issues are the meaning of "dependent relative" and whether summary judgment was properly granted.

*Construction of Policy*

" '[A]n insurance policy should be construed as it would be understood by a reasonable person in the position of the insured. The language of the policy is to be given the common and ordinary meaning it would have in the mind of a lay person.' " *Reserve Life Ins. Co. v. La Follette,* 108 Wis. 2d 637, 645, 323 N.W.2d 173, 177 (Ct. App. 1982) (citations omitted). We may look to a recognized dictionary to determine the common and ordinary meaning of words. *Lawver v. Boling,* 71 Wis. 2d 408, 414, 238 N.W.2d 514, 517 (1976).

*Webster's Third New International Dictionary* (1976) defines a "dependent" as "one that depends or is dependent; *esp.* one relying on another for support." *Id.* at 604. *Webster's* defines the adjective "dependent" as "lacking the necessary means of support and receiving aid from others." *Id. Black's Law Dictionary* (5th ed. 1979) defines "dependent" as "deriving existence, support, or direction from another . . . ." *Id.* at 393. *Black's* defines a "dependent" as: "One who derives his or her main support from another. Means relying on, or subject to, someone else for support; not able to exist or sustain oneself, or to perform anything without the will, power, or aid of someone else." *Id.*

The word "dependent" is ambiguous because it could refer either to one who must be supported by another or to one who simply is supported by another, regardless

of need. Because neither party offered extrinsic facts to aid in construction of the policy provisions, a question of law is presented which we may determine independently. *Reserve Life Ins. Co.*, 108 Wis. 2d at 646, 323 N.W.2d at 177.

Generally, we construe ambiguous language in insurance contracts against the insurance company, the drafter of the contract. *Wisconsin Builders, Inc. v. General Ins. Co.*, 65 Wis. 2d 91, 103, 221 N.W.2d 832, 838 (1974). Applying that rule of construction to this policy is difficult, however, because the phrase "dependent relative" is used in the coverage clause to identify individuals whose liability to third parties is covered and in the exclusions clause to identify those whose bodily injuries are not covered. If we interpret "dependent relative" narrowly, to mean one who must be supported by another, appellant's injury will be covered under the policy but his liability to third parties will not.

Where an insurance contract is uncertain and the intention of the parties is not clearly ascertainable from the policy itself, the courts will take into consideration the apparent object or purpose of the insurance and, in the context of the policy, the subject matter of the insurance, the situation of the parties, and the circumstances surrounding the making of the contract.

*Chemtec Midwest Services, Inc. v. Ins. Co. of No. Amer.*, 290 F. Supp. 106, 109 (W.D. Wis. 1968). The purpose of this policy is to protect the named insureds, appellant's parents, from liability to persons who have suffered physical injury or property damage due to the negligence of the insureds, their family members, or their employees. It is not meant to protect family members from negligent acts of other family members. In light of that purpose, we will construe the policy to provide a broader coverage clause, rather than a narrower exclusion clause.

We therefore construe "dependent relative" to mean one who receives support from the named insureds, regardless of need.

*Summary Judgment*

Section 802.08(2), Stats., provides that summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." When reviewing a trial court's grant of summary judgment, we apply the same analysis as the trial court. *Heinz Plastic Mold v. Continental Tool*, 114 Wis. 2d 54, 57, 337 N.W.2d 189, 191 (Ct. App. 1983).

[T]he court . . . first examines the pleadings to determine whether claims have been stated and a material factual issue is presented. If the complaint . . . states a claim and the pleadings show the existence of factual issues, the court examines the moving party's affidavits for evidentiary facts admissible in evidence or other proof to determine whether that party has made a prima facie case for summary judgment. To make a prima facie case for summary judgment, a moving defendant must show a defense which would defeat the claim. If the moving party has made a prima facie case for summary judgment, the court examines the affidavits submitted by the opposing party for evidentiary facts and other proof to determine whether a genuine issue exists as to any material fact, or reasonable conflicting inferences may be drawn from the undisputed facts, and therefore a trial is necessary.

*In re Cherokee Park Plat*, 113 Wis. 2d 112, 116, 334 N.W.2d 580, 582–83 (Ct. App. 1983).

In support of its motion, Rural Mutual submitted excerpts from appellant's deposition. When deposed, appellant testified that at the time of the accident he was living with his parents and working full-time, hoping to

save enough money to move from the farm and begin attending classes in Madison. He had never paid his parents for food and lodging. He took a one-credit piano course at the University of Wisconsin-Platteville during the fall semester of 1979, for which his parents paid tuition. He drove his parents' car to school and to work and he paid them no rental for it. He saved most of his earnings from the summer of 1979 but bought a few items of clothing and paid for his entertainment. His parents paid for his food, lodging, and most of his clothing that summer. He was covered under their medical insurance policy, which paid most of the bills for his injury. His parents paid the rest. He continued to live with his parents until August 1981.

By this evidence, Rural Mutual has established a defense to appellant's claim. The defense is that appellant was receiving most of his support from his parents and therefore was a "dependent relative" when he was injured. Appellant disputes none of the facts advanced by Rural Mutual. We therefore must examine appellant's affidavits and other proof to determine whether reasonable conflicting inferences may be drawn from the undisputed facts.

Excerpts from appellant's deposition[1] establish that appellant turned 18 before he was injured; that his sister lived at home and worked elsewhere for two years; that appellant worked full-time for three days before the accident and would have continued to do so had he not been injured; that his parents paid him $3.00 per hour for haying during the summer of 1979, the same wage

---

[1] Appellant introduced the entire transcript of his deposition, in addition to the excerpts we discuss, in opposition to the motion for summary judgment. We will not search the deposition for material favorable to appellant's position. *Commercial Disc. Corp. v. Milw. Western Bank*, 61 Wis. 2d 671, 678, 214 N.W.2d 33, 36–37 (1974).

paid to non-family employees; that he took the job at Advanced Transformer to earn money for school because his parents would not pay for his higher education; that he had planned to continue living at home for a few months or until he could afford to move; that he had approximately $600 in a savings account when he was injured; and that he was able to support himself after he moved out of his parents' house. An affidavit from a personnel officer at Advanced Transformer states that appellant was employed there full-time, at a wage of $3.43 per hour, and worked there from September 25 through September 27.

Appellant's deposition and affidavits raise an inference that he was capable of self-support at the time of the accident. They do not raise an inference that his parents were not supporting him at that time. Appellant argues that his parents would not support him after he reached the age of majority and that he expected to use his earnings to support himself. He submitted no factual material to support these allegations, however. Appellant's material does not establish that a factual issue exists. Summary judgment was therefore properly granted.

*By the Court.*—Judgment affirmed.

GORDON MYSE, Reserve Judge. (dissenting.) The status of "dependent relative" is a question of fact relying on extrinsic facts for its determination. Such issues should generally be determined by the jury, not by the court on a motion for summary judgment. *See Bauman v. Midland Union Ins. Co.*, 261 Wis. 449, 451, 53 N.W.2d 529, 530 (1952), *quoted in Katze v. Randolph & Scott Mut. Fire Ins.*, 116 Wis. 2d 206, 211, 341 N.W.2d 689, 691 (1984). Factors to be considered involve support, the

degree of control exercised over the claimed dependent relative, and the intent of the parties.

The majority construes "dependent relative" to include an individual who receives support from the named insureds. I disagree with the majority's construction of dependent, which relies solely on the question of support as evidenced by room and board.

The majority's own authorities indicate that more than the provision of room and board is involved in being dependent. The cited definition from *Webster's Third New International Dictionary* (1976) is preceded by this definition: "unable to exist, . . . or act suitably or normally without the assistance or direction of another." *Id.* at 604. Similarly, *Black's Law Dictionary* (5th Ed. 1979) as cited by the majority states: "[d]eriving *existence, support,* or *direction* from another . . . ." *Id.* at 393. (Emphasis added.) The direction or control of the individual by another is an integral part of dependency, as the majority's own authorities indicate, but was completely omitted from its analysis.

The relevant factual question of direction or control was not addressed in the respondent's summary judgment motion and accordingly the respondent has not "show[n] a defense which would defeat the claim." *In re Cherokee Park Plat,* 113 Wis. 2d 112, 116, 334 N.W.2d 580, 583 (Ct. App. 1983). I would remand this action for resolution of that issue as it bears on dependency.