UNITED STATES FIDELITY & GUARANTY
COMPANY, Centennial Insurance Company,
Aetna Casualty & Surety Company, Hartford
Insurance Company and The Home Insurance
Company, Plaintiffs-Appellants,

v.

GOLDBLATT BROTHERS, INC., Northern
Assurance Company of America and First
State Insurance Company, Defendants-
Respondents,

The DURAND COMPANY and Michigan Millers
Mutual Insurance Company, Defendants.

Court of Appeals

*No. 87–0557. Submitted on briefs October 8, 1987.—Decided
November 11, 1987.*

(Also reported in 417 N.W.2d 417.)

187

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Eric J. Van Vugt* and

*Michael J. Collard* of *Minahan & Peterson, S.C.* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Jeffrey Leavell* of *Capwell-Berthelsen* of Racine.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. United States Fidelity and Guaranty Company and other insurance companies (collectively, USF&G) appeal from a summary judgment in favor of Goldblatt Brothers, Inc. and others (collectively, Goldblatt) which held that USF&G was estopped from bringing claims against Goldblatt on grounds of res judicata or estoppel by record.[1] On appeal, USF&G challenges the propriety of the summary judgment. We agree that the summary judgment was improperly granted; accordingly, we reverse the judgment and remand for further proceedings.

On April 18, 1979, the Elmbrook Plaza shopping mall suffered a fire, damaging five tenants, Goldblatt among them, who were insured by the appellant companies. In an earlier jury trial, Goldblatt and USF&G were co-plaintiffs and brought an action in negligence against beauty salon tenant Glemby and the manufacturers of the salon's products as defendants. The co-plaintiffs entered into a joint prosecution agreement. The claims against Glemby were settled under a *Pierringer* agreement. At that trial, USF&G brought no cross-claim against Goldblatt. The jury ultimately found the manufacturers not negligent.

---

[1] Whether res judicata or estoppel by record was the *ratio decidendi* is unclear from the trial court's memorandum decision. Equally unclear is the status for summary judgment purposes of the joint prosecution agreement.

USF&G then commenced this present action in negligence against Goldblatt and its liability insurers. Goldblatt moved for summary judgment claiming that USF&G's claims were barred by the joint prosecution agreement and that USF&G was estopped from bringing these claims by virtue of the prior case.

The trial court granted the summary judgment. In so doing, it held that the joint prosecution agreement raised "an issue of intent which must be resolved by the trier of fact." However, it further held that USF&G was estopped from bringing their claims; whether by virtue of res judicata or estoppel by record is unclear. This appeal ensued.

█ When reviewing a summary judgment, we follow the same methodology as the trial court. That methodology has been described many times. *In re Cherokee Park Plat,* 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983), is one of many cases reciting the analysis. We need not repeat it. Our review is *de novo. Id.* at 115–16, 334 N.W.2d at 582.

We first address the res judicata/estoppel by record question. Ultimately, the question before us is whether either doctrine, in requiring the identity of parties, requires that those parties be adverse in the first instance. We hold that both doctrines do require such adversity. Accordingly, we reverse the judgment of the circuit court and remand for further proceedings.

█ Whatever distinctions may exist between the "closely related" doctrines of res judicata and estoppel by record, *see Leimert v. McCann,* 79 Wis. 2d 289, 293, 255 N.W.2d 526, 528 (1977), both share certain central traits. For either to apply as a bar to an action, there

must be both an identity between the parties or their privies and an identity between the causes of action or the issues sued on. *Id.* at 294, 255 N.W.2d at 529. We are aware of no binding authority which draws any distinction between these doctrines concerning the identity of parties requirement. We therefore regard estoppel by record and res judicata as sharing the same identity of parties requirement.

Goldblatt argues that parties need not be literal adversaries, nor even functional adversaries, to constitute an identity of parties. We cannot agree. Nearly seventy years ago, our supreme court stated:

> It is fundamental and universal that the former judgment proffered as *res adjudicata* in a subsequent suit must have been rendered in an action in which the parties to the subsequent suit were adverse parties. What is meant by adverse parties scarcely needs definition. Its significance is apparent from the expression itself. They must be opposite parties to an issue between them. The issue must be proffered by one and controverted by the other. They must be arrayed on opposite sides of the issue.

*Bakula v. Schwab,* 167 Wis. 546, 555–56, 168 N.W. 378, 381 (1918). This can be read to mean but one thing: the concept of identity of parties requires that the parties be formally adverse, that is, arrayed on opposite sides of the lawsuit.

While the holding of *Bakula* was modified some eight years later in *Wait v. Pierce,* 191 Wis. 202, 209 N.W. 475, *aff'd on rehearing,* 191 Wis. 225, 228–30, 210 N.W. 822, 824–25 (1926), we are unpersuaded that the

modification affected the standard for adversity set forth above, especially since the supreme court in 1973 closely tracked the language of the *Bakula* adversity test:

> Although Burghardt filed no responsive pleading as to appellants' cross complaint, the issue of Burghardt's liability to the plaintiffs was joined between them. Burghardt and the appellants were arrayed on opposite sides of the issue. The issue was proffered by appellants and controverted by Burghardt. Burghardt and appellants were adverse parties thereto.

*Gies v. Nissen Corp.,* 57 Wis. 2d 371, 383, 204 N.W.2d 519, 525 (1973) (footnote omitted).[2] Accordingly, we hold that neither res judicata nor estoppel by record applied here because Goldblatt and USF&G were not adversary parties in the earlier action.

Goldblatt also contends, as an independent ground for affirming the summary judgment, that the joint prosecution agreement should be construed as a release of claims or as a binding contractual stipulation. We cannot agree that summary judgment should have been granted on this basis.

However one may view the agreement, it must be said that no particular provision of that document explicitly releases Goldblatt from future liability. Further, we agree with the statement of the trial

---

[2]We note that in *Gies v. Nissen Corp.,* 57 Wis. 2d 371, 204 N.W.2d 519 (1973), the pertinent parties, while co-defendants, were also denominated third-party plaintiff and third-party defendant. *Id.* The supreme court noted there that the "third-party complaint" was more properly denominated a cross-complaint. *Id.* at 375 n. 1, 204 N.W.2d at 521.

court that "upon examination of the joint prosecution agreement, ... there is an issue of intent which must be resolved by the trier of fact." Summary judgment may be granted where there is no factual dispute or where no competing inferences arise from undisputed facts and the law resolving the issues is clear. *Taterka v. Ford Motor Co.,* 86 Wis. 2d 140, 144, 271 N.W.2d 653, 654 (1978). Here, the question of the intent of the parties, open as it is, constitutes a factual dispute and makes summary judgment inappropriate.

We therefore reverse the judgment of the circuit court and remand the cause for further proceedings.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.