UNISYS MEDICAL PLAN,
Plaintiff–Appellee,

v.

Gary TIMM and Kandis Timm,
Defendants–Appellants.

No. 96–1312.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 18, 1996.

Decided Oct. 23, 1996.

Ronald L. Lipinski (argued), Keri B. Goldstein, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for Plaintiff–Appellee.

Matthew A. Biegert (argued), Doar, Drill & Skow, New Richmond, WI, for Defendants–Appellants.

Before CUMMINGS, BAUER and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

After Gary and Kandis Timm settled a state court personal injury case, the Unisys Medical Plan, a self-funded employee welfare benefit plan governed by the Employee Retirement Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, sued the Timms in federal court, seeking reimbursement of medical expenses it paid on Mr. Timm's behalf. After Unisys moved for summary judgment, the Timms moved to stay the federal case, arguing that it should be put on ice while the state court case was still active. The Timms also raised the affirmative defenses of waiver and estoppel based on Unisys' failure to timely answer a third-party complaint brought by two defendants in the state court matter. The district court denied the stay and granted summary judgment for Unisys. As we'll explain below, we affirm. First the facts.

Gary Timm was injured in a farm accident in 1991, and his insurer, Unisys, paid his medical bills to the tune of $55,484.45. The plan required Mr. Timm to reimburse Unisys if he received outside compensation for his injuries. In 1993, the Timms sued a number of parties allegedly responsible for the accident in the circuit court for St. Croix County, Wisconsin. Sensing a possible subrogation claim, two of the defendants impleaded Unisys as a third-party defendant in the suit

under Wisconsin Statute § 803.03(2). Although Unisys was impleaded on November 17, 1994, it thought the case was going to settle so it did not file an answer to the third-party complaint. In February 1995, however, Unisys believed the settlement negotiations had broken down, so it sought leave to file a late answer. It also requested permission to file a cross-claim against the Timms. In May 1995, the Timms settled the personal injury case for $255,462.81. In the stipulated order of dismissal, the Timms agreed to hold the defendants harmless if Unisys was allowed to pursue subrogation. In August 1995, the state court denied Unisys leave to file the cross-claim and eventually entered a default judgment.

Meanwhile, after the Timms settled, Unisys filed this suit in the United States District Court for the Western District of Wisconsin, seeking reimbursement under ERISA. Unisys moved for summary judgment. The Timms countered with a motion to stay pending resolution of the state court litigation. The district court denied the request, finding that the state litigation did not preclude Unisys' federal suit. The court then proceeded to grant summary judgment for Unisys. The Timms appeal both the denial of the motion to stay and the grant of summary judgment.

■ The Timms first challenge the denial of their motion to stay the federal case. The state litigation, they say, precludes a federal suit for reimbursement. The district court, whose decision to reject the stay we review for an abuse of discretion, disagreed. So do we. Under Wisconsin law, claim preclusion bars suits between the *same* parties on causes of action which have already been litigated or could have been litigated in an earlier proceeding. *Northern States Power Co. v. Bugher,* 189 Wis.2d 541, 550, 525 N.W.2d 723, 727 (1995). Because the Timms and Unisys were not adversaries in state court, Unisys' suit for reimbursement does not involve the same parties as the Timms' personal injury action. *See United States Fidelity & Guar. Co. v. Goldblatt Bros., Inc.,* 142 Wis.2d 187, 191, 417 N.W.2d 417, 419 (Ct.App.1987) (requiring "formally adverse" parties). Only if Unisys had been allowed to

cross-claim against the Timms would the parties have been sufficiently adverse. *See Gies v. Nissen Corp.,* 57 Wis.2d 371, 204 N.W.2d 519 (1973).

■ Claim preclusion's little brother, issue preclusion, also does not bar Unisys' suit for reimbursement. While issue preclusion does not require identity of parties, the doctrine only bars consideration of issues "actually litigated" in an earlier proceeding. *Northern States Power,* 189 Wis.2d at 550–51, 525 N.W.2d at 727. Here, we have only a default judgment based on Unisys' failure to answer the third-party complaint in a timely manner. While default judgments can give rise to issue preclusion in some circumstances, *see Heggy v. Grutzner,* 156 Wis.2d 186, 193–94, 456 N.W.2d 845, 849 (Ct.App. 1990), we need not address that issue because Unisys' reimbursement claim could not have been litigated in the state case. Unlike subrogation, which arises under state law and allows the insurer to stand in the shoes of its insured, reimbursement is a contractual right governed by ERISA and comes into play only *after* a plan member has received personal injury compensation. While subrogation and reimbursement may have similar effects, they are distinct doctrines. "As a matter of logic and case law, a party can have one right but not the other." *Provident Life & Acc. Ins. Co. v. Williams,* 858 F.Supp. 907, 911 (W.D.Ark.1994); *see also McIntosh v. Pacific Holding Co.,* 992 F.2d 882, 884 (8th Cir.), *cert. denied,* 510 U.S. 965, 114 S.Ct. 441, 126 L.Ed.2d 375 (1993) (subrogation and reimbursement impose different obligations). Because Unisys had no claim for reimbursement until after the Timms settled the personal injury suit, Unisys could only have pursued subrogation—not reimbursement—in the state court litigation. Therefore, the district court correctly found that the Timms' personal injury action had no preclusive effect on Unisys' reimbursement claim. It follows, then, that the district court did not abuse its discretion in refusing to put the brakes on this federal suit.

■ The Timms next contend summary judgment was not appropriate because they raised two affirmative defenses to Unisys' claim. Unisys, the Timms say, waived its

right to reimbursement by failing to timely answer the defendants' third-party complaint in the state court case. Equitable estoppel, the Timms argue, also bars reimbursement because Unisys misled them into thinking that Unisys would not try to take its cut from the settlement. We review a grant of summary judgment *de novo*, applying the same scrutiny to the Timms' defenses as the district court. *Jasper Cabinet Co. v. United Steelworkers of America,* 77 F.3d 1025, 1026 (7th Cir.1996).

To succeed on their waiver theory, the Timms must convince us that Unisys intentionally relinquished its known right to reimbursement. *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993). Under estoppel, the Timms must persuade us that they reasonably relied to their detriment on deceptive action (or inaction) by Unisys. *Krawczyk v. Harnischfeger Corp.,* 41 F.3d 276, 280 (7th Cir.1994). Neither defense holds up. By the time the Timms settled the state court action in May 1995, it was clear that Unisys wanted its cut. In January, Unisys told the Timms' attorney it planned to seek reimbursement if the Timms settled. Then, in February, sensing a chill in the settlement negotiations, Unisys sought leave to answer the third-party complaint and cross-claim against the Timms for reimbursement. They repeated this desire in an affidavit a month later. Most telling, however, was the stipulated order dismissing the state case. The order expressly stated that the Timms agreed to hold the settling defendants harmless regarding any subrogation claim made by Unisys. Unisys' actions show that it never intentionally relinquished its right to reimbursement. Unisys' behavior also shows that the Timms could not have been duped into reasonably believing that Unisys would not pursue reimbursement. Accordingly, the judgment of the district court is AFFIRMED.