**James L. MARSHALL, Appellant,**

v.

**The INN ON MADELINE ISLAND, Defendant,**

**John Streitz and Susan Streitz, Respondents.**

**No. C6–00–1478.**

Court of Appeals of Minnesota.

July 17, 2001.

Review Denied Sept. 25, 2001.

Reuben A. Mjaanes, Edward M. Glennon, Kim Ruckdaschel–Haley, Lindquist & Vennum, P.L.L.P., Minneapolis, MN, (for appellant).

William L. Davidson, Thomas D. Jensen, Sarah E. Morris, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, MN, (for respondents).

Considered and decided by LANSING, Presiding Judge, ANDERSON and HALBROOKS, Judges.

## OPINION

LANSING, Judge.

James Marshall appeals from summary judgment dismissing his claim for injuries sustained in a fall from a collapsing dock located on Wisconsin property. The district court ruled that Marshall's prior federal judgment against the property management corporation precluded his claim against the property owners, John and Susan Streitz. Applying Wisconsin law, we conclude that because the Streitzes, as third-party defendants on the management corporation's contribution claim, were not actual adversaries to Marshall in the federal action, Marshall is not precluded from suing them in Minnesota state court. We further conclude that the federal judgment against the management corporation does not preclude the Streitzes from litigating the issues of causal fault and damages. Therefore, we reverse the summary judgment entered against Marshall, affirm the denial of Marshall's motion for summary judgment, and remand.

## FACTS

James Marshall sustained injuries when he fell from a collapsing dock. The dock was on Wisconsin property owned by John and Susan Streitz and managed by The Inn on Madeline Island, a Wisconsin corporation. Nearly three years later, Marshall sued the Streitzes and The Inn in Minnesota state court.

The Inn moved to dismiss the state action for lack of personal jurisdiction. To preserve his claim against the impending statute of limitations, Marshall invoked diversity jurisdiction and filed suit against The Inn in a Wisconsin federal court. Marshall requested that the federal court stay its proceedings pending the Minnesota district court's decision on the motion to

dismiss. But the federal court denied the request.

In response to Marshall's complaint in the federal action, The Inn filed an answer and a third-party complaint against the Streitzes for contribution and indemnity. The Streitzes asserted the same claims against The Inn. Marshall brought no claim against the Streitzes in federal court, apparently to avoid destroying diversity.

The Minnesota district court subsequently denied The Inn's motion to dismiss for lack of personal jurisdiction, holding that The Inn had sufficient contacts with the State of Minnesota to confer personal jurisdiction. In light of the ruling, Marshall asked the federal court to dismiss the federal action against The Inn without prejudice to avoid proceeding with two actions. The Inn and the Streitzes opposed the motion. The federal court denied the voluntary dismissal and scheduled the federal action for jury trial. The Inn then appealed the Minnesota district court's denial of its motion to dismiss for lack of personal jurisdiction But the refusal to dismiss was upheld on appeal. *Marshall v. Inn on Madeline Island,* 610 N.W.2d 670 (Minn.App.2000).

Meanwhile, the federal case proceeded to trial. The jury returned a verdict attributing 15 percent causal negligence to Marshall, 40 percent to The Inn, and 45 percent to the Streitzes. The jury found that Marshall's damages amounted to $141,226.91. Under the Wisconsin joint-and-several-liability statute, the liability of each person whose causal negligence is less than 51% is limited to the percentage assigned by the jury. Wis. Stat. § 895.045 (1999). Thus, The Inn was not jointly and severally liable for the negligence attributed to the Streitzes. Because of the restriction on joint and several liability, Marshall could recover only 40% of his damages in the federal action, and judg-

ment was entered against The Inn for that amount. Because the jury's causal fault division left The Inn with no contribution claim against the Streitzes, the federal district court dismissed them in its judgment. Marshall later entered into a Pierringer release with The Inn.

After concluding the federal action, Marshall renewed the prosecution of his pending state action against the Streitzes. The Streitzes moved for summary judgment, claiming that the prior federal judgment precluded the state-court action. Marshall also moved for summary judgment, claiming that the federal action precluded the Streitzes from relitigating the issue of causal fault and damages and requesting that judgment be entered, applying the percentage of fault and total damages determined in the federal proceeding. The state court denied Marshall's summary-judgment motion and granted summary judgment for the Streitzes, holding that the prior federal judgment against The Inn precluded Marshall's state action. Marshall appeals from this judgment, challenging both rulings.

In their briefs to the court, both Marshall and The Inn argued their claims based on Minnesota law. But after the United States Supreme Court issued *Semtek Int'l, Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001), this court ordered additional briefing to address the choice and substance of the law that governs the preclusive effect of the prior federal judgment.

## ISSUES

I.  Did the district court err in according the federal judgment claim-preclusive effect on Marshall's state action against the Streitzes?

II. Did the district court err in declining to apply the doctrine of issue

preclusion to the Streitzes' causal fault and damages?

## ANALYSIS

This case raises the issue of which law governs the claim-preclusive and issue-preclusive effect of a judgment entered in a diversity-jurisdiction case. Minnesota appellate courts have not previously addressed this issue. The district court, applying Minnesota law and relying on undisputed facts, determined that the federal judgment barred Marshall's state-court action and entered summary judgment for the Streitzes.

■ On appeal from summary judgment on undisputed facts, appellate review is limited to determining whether the district court erred in its application of the law. *Associated Builders & Contractors v. Ventura*, 610 N.W.2d 293, 298 (Minn.2000).

## I.

The United States Supreme Court has long held that in a *federal-question* case, states cannot give the federal judgment the preclusive effect they would give their own judgments, but must accord the judgment the effect prescribed by the Supreme Court. *Semtek*, 531 U.S. at ——, 121 S.Ct. at 1028. Whether federal common law governs the claim-preclusive effect of a federal-diversity-action judgment has not been well-settled, and state and federal appellate courts have been divided in their determinations on this issue. *See* Howard M. Erichson, *Interjurisdictional Preclusion*, 96 Mich. L.Rev. 945, 1008 (1998) (evaluating 286 federal-state preclusion cases); *see also* Richard H. Fallon et al., *Hart and Wechsler's The Federal Courts and the Federal System* 1473 (4th ed.1996); Ronan E. Degnan, *Federalized Res Judicata*, 85 Yale L.J. 741, 766–773 (1976).

■ The U.S. Supreme Court conclusively settled the issue of which law governs the claim-preclusive effect of federal diversity judgments earlier this year. *Semtek*, 531 U.S. at ——, 121 S.Ct. at 1028, 149 L.Ed.2d 32. Analyzing the effect of a judgment entered in a diversity action on a subsequent state-court action, the Supreme Court in *Semtek* held that federal common law governs the claim-preclusive effect of federal judgments based on a federal question or issued by a court sitting in diversity. The Supreme Court reasoned that this rule would preserve the integrity of judgments by ensuring that the court issuing the prior judgment had the authority to determine the force and effect of its judgment—even on subsequent proceedings that were not within its court system. *See id.* at 1027–28 (alluding to concept that issuing court should determine force and effect of its own judgments on future proceedings); *see also* Vol 18, James Wm. Moore, et al., *Moore's Federal Practice* § 133.12[1] (3rd ed.2000) (stating that one concept served by preclusion doctrine is "respect for the integrity of the prior judgment and the rendering court" (footnote omitted)).

■ The Court further held that although federal courts have the "last word" on the claim-preclusive effect of their judgments in diversity cases, federal law on claim preclusion incorporates the law of the state in which the federal court rendered the judgment. *Semtek*, 531 U.S. at ——, 121 S.Ct. at 1028, 149 L.Ed.2d 32. In so holding, the *Semtek* Court reasoned that the adoption of the forum state's law on claim preclusion would serve nationwide uniformity and prevent forum shopping.

For purposes of determining preclusive effect, *Semtek* has a procedural history that matches the federal judgment obtained by Marshall in this case. *Id.* In *Semtek*, a California federal court in a

diversity case dismissed a complaint on statute-of-limitations grounds. *Id.* at ——, 121 S.Ct. at 1023. The plaintiff then filed the same action in state court in Maryland, where the longer limitations period had not yet expired. *Id.* at ——, 121 S.Ct. at 1024. The Maryland court dismissed the second action on claim-preclusion grounds, reasoning that federal law governed the preclusive effect of the first dismissal, and that the first dismissal on limitations grounds would be considered judgment on the merits under federal common law governing claim preclusion. *Id.*

■ In their supplemental briefs, neither Marshall nor the Streitzes dispute the application of the *Semtek* holding to this case. Thus, in determining the claim-preclusive effect of the prior federal judgment, we apply the law of Wisconsin, the state in which the diversity court rendered its judgment.

■ Claim preclusion (also known as res judicata) bars a plaintiff from bringing multiple actions against the same defendant on the same claim. *Landess v. Schmidt*, 115 Wis.2d 186, 340 N.W.2d 213, 216 (1983) (citing *DePratt v. West Bend Mut. Ins. Co.*, 113 Wis.2d 306, 334 N.W.2d 883, 885 (1983)). Under this doctrine, a prior final adjudication is conclusive between the parties and their privies on all matters that were litigated or might have been litigated. *Leimert v. McCann*, 79 Wis.2d 289, 255 N.W.2d 526, 528–29 (1977). The purpose of claim preclusion is to prevent repetitive litigation. *Landess*, 340 N.W.2d at 216.

■ Claim preclusion requires (1) a final adjudication in the first action; (2) an identity of claims between the first and second causes of action; and (3) an identity between the parties or their privies. *Leimert*, 255 N.W.2d at 529. Whether

claim preclusion applies presents a question of law. *Id.*

■ The district court determined that the three elements of claim preclusion had been satisfied. We agree that the first two elements were satisfied. With respect to the first element, there was a final adjudication in the federal action that resulted in a judgment in favor of Marshall. With respect to the second element, we agree that the state action against the Streitzes is based on the same claims asserted against The Inn in the prior federal action, and both the federal and the state action involve the same set of factual circumstances, i.e., the sudden collapse of the dock and the resultant personal injuries. *See Landess*, 340 N.W.2d at 216 (stating that in applying this element of claim preclusion, the court should view the claim in factual terms and make it coterminous with the transaction regardless of the number of substantive theories or forms of relief available).

We conclude, however, that the third element of claim preclusion has not been satisfied. The third element requires that the parties in the second action be either the same parties or privies in the first action. But for the last eighty years, Wisconsin courts have interpreted this element to require that the parties in the first action must have been *formally adverse* to one another in that action. *United States Fid. & Guar. Co. v. Goldblatt Bros.*, 142 Wis.2d 187, 417 N.W.2d 417, 419 (1987) (citing *Bakula v. Schwab*, 167 Wis. 546, 168 N.W. 378, 381 (1918)).

■ This adversity requirement involves an analysis of whether an issue crucial to the success of both causes of action was joined between the two parties, whether the parties were arrayed on opposite sides of the issue, and whether the issue was proffered by one and controverted by another. *See Gies v. Nissen Corp.,*

57 Wis.2d 371, 204 N.W.2d 519, 525 (1973). The Wisconsin Supreme Court considers an issue to be "joined" between the parties when one party has served a formal pleading asking for relief against the other party. *See id.* (first co-defendant who served cross-claim for contribution on second co-defendant had joined the issue of their respective liability to the plaintiff; thus, first co-defendant was bound by judgment in that action, which dismissed second co-defendant). The formal-pleading requirement serves to ensure that the parties joined the issue between them by requesting relief, and that either party can enforce such requested relief. *See, e.g., Goldblatt,* 417 N.W.2d at 419 (holding that claim preclusion did not bar fire insurer from bringing a second action against its co-plaintiff in first action).

The Streitzes and Marshall were not formal adversaries in the prior federal proceeding. Marshall brought no direct claims against the Streitzes and, therefore, had no direct right of recovery against them. Under these circumstances, the issue of Marshall's right to recover against the Streitzes was never joined between Marshall and the Streitzes. The Streitzes were only joined as third-party defendants by The Inn on a potential contribution or indemnity claim. Their only potential liability was to The Inn and hinged on the laws of contribution and the application of Wisconsin joint and several liability. *See Unisys Med. Plan v. Timm,* 98 F.3d 971, 973 (7th Cir.1996) (claim preclusion did not bar second suit when plaintiff and third-party defendant were not adversaries under pleadings in first suit).

Because these facts do not meet the same-parties requirement of claim preclusion under Wisconsin law, the district court erred in granting summary judgment for the Streitzes on claim-preclusion grounds.

## II.

Marshall also maintains that the district court erred in failing to grant summary judgment in his favor on grounds of issue preclusion. Marshall claims that the jury findings in the federal action should bar the Streitzes from relitigating their causal fault for the accident and the amount of his damages. Because we are reversing and remanding this matter for further proceedings, we review this issue. *See* Minn. R. Civ.App. P. 103.04.

The doctrine of issue preclusion (also known as collateral estoppel) bars the relitigation of factual or legal issues that were actually litigated and essential to a valid and binding judgment. Restatement (Second) of Judgments § 27 (1982). But as with claim preclusion, the threshold issue is which law will determine whether the issues litigated in the prior federal proceeding will be given preclusive effect. *Semtek* did not involve issue preclusion. The analysis in *Semtek,* however, portends a similar holding on issue preclusion. *Semtek* relies on federalism principles and rejects the application of the Full Faith and Credit clause because by its terms it governs only the effect to be given to state-court judgments. *See Semtek,* 531 U.S. at ——, 121 S.Ct. at 1028; *see also* U.S. Const. Art. IV, § 1; *see generally* 18 Wright, Miller & Cooper, *Federal Practice and Procedure* §§ 4468, 4472 (1981 & Supp.2001) (discussing application of the two preclusion concepts under different scenarios). Because the *Semtek* holding rests on the constitutional obligation of state courts to respect federal judgments—and not on the Full Faith and Credit clause—there is no reason to select among the res judicata features measuring claim preclusion by federal law and issue preclusion by state law. The federalism principles apply equally to claim preclusion

and issue preclusion. *See* Degnan, *supra*, at 768. Thus Wisconsin law applies to Marshall's argument on issue preclusion as well as claim preclusion.

Under Wisconsin law, the doctrine of issue preclusion prevents the relitigation of an issue that has been contested in a prior proceeding between same or different parties. *Michelle T. v. Crozier*, 173 Wis.2d 681, 495 N.W.2d 327, 329 (1993). But issue preclusion will only bar the relitigation of an issue whose determination is essential to the resultant judgment. *Landess*, 340 N.W.2d at 220–21 (determination of the issue must be "essential to the judgment" (quoting Restatement, *supra*, § 27)). An issue that is not essential to the resultant judgment has the characteristic of "dicta" and typically cannot be appealed by the party against whom the issue was decided. Restatement, *supra*, § 27 cmt. h; *see also id.*, § 28 (even if issue is essential to the resultant judgment, preclusion should not apply against party who could not obtain review of judgment).

The jury finding on the Streitzes' causal fault was not "necessary and essential" to the federal judgment. The final judgment was based on the causal fault of The Inn and the damages determination. More important, because judgment was not entered against them, the Streitzes could not appeal from the federal judgment. Consequently, they were denied the right to litigate the issues of fault and damages through the appellate level.

We recognize that retrial does not advance litigational efficiency or consistency. When litigants engage in excessive procedural maneuvering, courts are overburdened, lawyers are overcompensated, and the application of legal principles is overly intricate. Each of the litigants suggests that the other caused the interjurisdictional complexities. Although we would have preferred that the entire controversy be resolved in one action, we are not persuaded that the litigants should be separately faulted for the duplicative course of litigation.

### DECISION

Because Marshall and the Streitzes were not actual adversaries in the prior federal action, the district court erred in granting summary judgment for the Streitzes on claim-preclusion grounds.

But because the finding of causal fault against the Streitzes in the federal action was not necessary and essential to the resulting federal judgment, and the Streitzes had no right to appeal from the adverse finding of causal fault, the district court correctly denied summary judgment to Marshall.

**Affirmed in part, reversed in part, and remanded.**